IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-139 |
| | ) | (VARLAN/GUYTON) |
| RUFUS SUTTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on the Government's Motion to Quash Subpoena [Doc. 11], filed on November 3, 2009. The Government asks the Court to quash the Defendant's subpoena for Special Agent Rebecca Bobich of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). On October 30, 2009, the Defendant obtained the issuance of a subpoena for Special Agent Bobich to testify at his November 4 detention hearing. The subpoena directs Special Agent Bobich to bring certain listed documents. The Government contends that the subpoena should be quashed (1) because the Defendant failed to comply with certain regulations promulgated by the Department of Justice relating to the testimony of an agency employee and (2) that the Defendant is improperly using a Rule 17(c) subpoena as a vehicle for discovery.

1

The Supreme Court has ruled that the Attorney General may lawfully make regulations instructing employees with regard to production of documents in litigation. <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462, 470 (1951), <u>see also</u> 5 U.S.C. § 301. The Attorney General has established such regulations, which are found at 28 C.F.R. §§ 16.21 through 16.29 and are known as the <u>Touhy</u> regulations. The regulations set up a procedure by which Department of Justice officials make decisions about whether an employee called upon to testify or to produce documents in litigation is permitted to disclose the requested information, which information is summarized in a "demand" by the individual or entity seeking the information. <u>See</u> 28 C.F.R. §§ 16.21, *et seq.* Section 16.23(c) provides that

> [i]f oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

28 C.F.R. § 16.23(c). Once the demand containing the summary of the testimony sought is submitted, the appropriate persons in the Department of Justice will make a decision about whether the testimony will be disclosed. <u>See</u> 28 C.F.R. § 16.22 and 16.24. The Court of Appeals for the Sixth Circuit has recognized that

> [t]he Department of Justice has a legitimate interest in regulating access to government information contained in its files or obtained by its employees during the scope of their official duties. Without a procedure governing demands by potential litigants, the efficiency of the Department could be greatly impaired. The question of whether these procedures deny the defendants their Sixth Amendment right to call and cross-examine witnesses is not reached until the defendants follow the procedures and then have their demands denied.

<u>United States v. Marino</u>, 658 F.2d 1120, 1125 (6th Cir. 1981).

2

In the present case, Special Agent Bobich is a Department of Justice employee and, as such, is subject to the Touhy regulations. The Government argues that the Defendant failed to comply with the requirements of the Touhy regulations because he did not submit a demand containing the summary of the testimony sought. Thus, the agency was not able to make a decision as to whether it would permit the testimony and requested documents.

The parties appeared on November 4, 2009, for a detention hearing. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. Attorney Roland E. Cowden represented the Defendant, who was also present. Defense counsel argued that the Touhy regulations are internal regulations that only apply to Department of Justice employees and that he did comply with the substance of the regulations because he submitted oral requests for the testimony to both Special Agent Bobich and AUSA Hui. The Court finds that the Sixth Circuit's holding in Marino rejects the Defendant's first objection, that the Touhy regulations only apply internally, because the appellate court declined to hear the defendants' Sixth Amendment arguments as they had failed to make a demand in compliance with the regulations. Marino, 658 F.2d at 1125. The regulations themselves speak against the Defendant's second contention, because they clearly require a written demand containing a summary of the testimony sought. See 28 C.F.R. § 16.23(c). Accordingly, the Court finds that the Defendant has failed to comply with the Touhy regulations and his subpoena for Special Agent Bobich must be quashed.

The Government also opposes the subpoena because it contends that the Defendant is using it as a means of discovery. With regard to the production of documents or objects, Rule 17 provides generally that

> [a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). The Court may quash or modify a Rule 17 subpoena upon a motion promptly made if "compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). With regard to assessing the propriety of a Rule 17 subpoena, the Sixth Circuit has followed the standard formulated by the Supreme Court in United States v. Nixon, 418 U.S. 683, 699 (1974):

> [P]roduction pursuant to Rule 17(c) is appropriate where it is shown that: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable, with due diligence, in advance of trial; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial; and (4) the application was made in good faith and is not a fishing expedition.

United States v. Hughes, 895 F.2d 1135, 1146 (6th Cir. 1990). Rule 17(c) is not intended to be used as a discovery device. Nixon, 418 U.S. at 702; see also United States v. Justice, 14 F. Appx. 426, 432 (6th Cir. 2001). "A subpoena duces tecum must be reasonable, specific, and the documents requested must be relevant." Justice, 14 F. Appx. at 433 (citing Bowman Dairy Co. v. U.S., 341 U.S. 214, 220 n. 5 (1951) and United States v. Kalter, 5 F.3d 1166, 1169 (8th Cir. 1993)).

In the present case, the Defendant has made no showing as to the relevance of the documents requested–arrest warrants, search warrants, his own statements, and any exculpatory statements– to his detention issue. Moreover, even if relevant, the Defendant has failed to show that he could not otherwise procure these documents. In fact, the Government has expressly stated that the items requested will be provided to the Defendant in Rule 16 discovery by the November 6, 2009 discovery deadline. Upon the Court's inquiry, defense counsel stated that he did not want to

4

continue the detention hearing until after the discovery deadline. The Court finds that the requested documents were not the proper subject of a Rule 17(c) subpoena at this juncture. The Government's Motion to Quash Subpoena [**Doc. 11**] is **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

5