IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-139 |
| | ) | |
| RUFUS SUTTON, | ) | (VARLAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on December 18, 2009, for a scheduled pretrial conference and motion hearing on the Defendant's Motion for Leave to File Further Motions and Notices [Doc. 25], Motion for Additional Time to Consider Filing Rule 12 Notice or In the Alternative Notice of Same [Doc. 26], and Motion for Contact Over the Winter Holidays With Ms. Amanda Cates [Doc. 31]. Assistant United States Attorney Alexandra Hui appeared on behalf of the Government. Attorney Roland E. Cowden represented the Defendant, who was also present.

The Defendant filed several pretrial motions, including a Motion to Suppress Statements [Doc. 24], on December 1, 2009. The Defendant also requests an extension of his motion deadline and additional time to consider whether to file a notice pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure. At the December 18 hearing, defense counsel made an oral

1

motion to continue the January 6, 2010 trial in order to permit rulings upon the motions. The Government agreed that a continuance was appropriate in this case. The parties agreed upon a new trial date of May 25, 2010.

The Court finds the joint oral motion to continue the January 6, 2010 trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). As noted above, the Defendant has filed several pretrial motions, including a suppression motion. See 18 U.S.C. § 3161(h)(1)(D). The Court finds that the Defendant's motions are of such a nature that the time required to determine the issues creates excludable time. See United States v. Tinklenberg, 579 F.3d 589, 598 (6th Cir. 2009) ("hold[ing] that a pretrial motion must actually cause a delay, or the expectation of a delay, of trial in order to create excludable time").

Additionally, the Defendant has moved [Docs. 25 and 26] the Court for an extension of his motion-filing deadline and of the deadline in which to file a notice pursuant to Rule 12.2. At the December 18 hearing, defense counsel stated that he would like additional time to file a motion challenging the underlying statute, upon which the charges are based, as being unconstitutionally vague. He also informed the Court that he was investigating whether there was a basis for a mental defense in this case, necessitating the filing of a notice pursuant to Rule 12.2. The Government opposed the requested extension. The Court **GRANTED [Docs. 25 and 26]** the request **in part**, agreeing to extend the deadline for filing motions and a Rule 12.2 notice, but declined to leave this time frame open-ended as suggested by the motions. The Defendant has until **January 15, 2010**, to file any additional pretrial motions. The Government's responses are due on or before **January 29, 2010**. Additionally, the Court will permit the Defendant to file a Rule 12.2 notice(s) through

**January 29, 2010**.

Once all pretrial motions are filed, the Court will hold a hearing on the motions. The Court set a hearing on all pending motions for **February 19, 2010, at 9:30 a.m.** Following the suppression/motion hearing, the Court will need time, not to exceed thirty days, to prepare a report and recommendation on the dispositive motions and rulings on the nondispositive motions. See 18 U.S.C. § 3161(h)(1)(H). Following the filing of the report and recommendation, the parties will need time to file any objections, and the District Court will need time to rule upon the suppression motion in light of the report and any objections. Finally, the parties will need time to prepare for trial in light of the ruling on the motions. The Court finds that all of this could not take place before the January 6, 2010 trial date or in less than five months. The failure to grant a continuance would deprive the parties of time to secure rulings on pending pretrial issues and to prepare for trial in light of these rulings. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the parties' joint oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **May 25, 2010**. The Court also finds that all the time between the December 18, 2009 hearing and the new trial date of May 25, 2010, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), (H), & (h)(7)(A)-(B). With regard to additional scheduling, the parties are to appear before the undersigned for a pretrial conference on **May 17, 2010, at 9:30 a.m.** The plea negotiation deadline is also **May 17, 2010**.

Finally, the Court addressed the Defendant's request to modify the conditions of his release to permit contact visits between he and Ms. Amanda Cates, the mother of his two children.

3

In his motion, the Defendant contends that both he and Ms. Cates want to have physical contact over the holidays so that the family may be able to celebrate together. The Government opposes the requested modification of the conditions of release, raising the Defendant's history of five domestic assault convictions and the fact that past instances of domestic assault have involved Ms. Cates. It maintains that the requested modification would not reasonably assure the safety of the community. At the hearing, defense counsel argued that the Defendant would like to spend time with Ms. Cates and the children on Christmas eve, Christmas day, and New Year's eve. He proffered that these contact visits could occur in a public venue or could be supervised by Ms. Cates' parents, who already supervise the Defendant's visits with his children. Although noting that the Defendant's probation officer was opposed to the requested contact visits with Ms. Cates, defense counsel stated that the probation officer had observed that the Defendant was in compliance with the conditions of release and had been "very participatory" in his anger management classes. Defense counsel asserted that the Defendant had enrolled in the anger management classes himself. He also stated that while Ms. Cates had wanted to have contact visits with the Defendant at the time he filed the motion, he was no longer sure of her position on the matter as she could not be present for the hearing. The Government remained adamantly opposed to the motion, stating that the limitations on the contact visits proposed by the Defendant would not ensure the safety of the community.

        The Court notes that the Defendant has been released under the present conditions only since November 4, 2009. The Court finds that although the Defendant has abided by his conditions of release since that time, the Defendant has not been subject to these conditions long enough for the Court to feel confident in how the Defendant would perform if they were modified as suggested. Accordingly, the Defendant's Motion for Contact Over the Winter Holidays With Ms.

4

Amanda Cates [**Doc. 31**] is **DENIED**. If the Defendant decides to renew his motion at a later time, the Court will consider it anew.

    Accordingly, it is **ORDERED**:

(1) The parties' joint oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **May 25, 2010**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **December 18, 2009** hearing, and the new trial date of **May 25, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The Defendant's Motion for Leave to File Further Motions and Notices [**Doc. 25**] and Motion for Additional Time to Consider Filing Rule 12 Notice or In the Alternative Notice of Same [Doc. 26] are **GRANTED in part**, in that the Court set a new deadline of **January 15, 2010**, for the filing of any pretrial motions and a deadline of **January 29, 2010**, for the filing of any Rule 12.2 notices;

(5) The Government has until **January 29, 2010**, to respond to any pretrial motions;

(6) The parties are to appear before the undersigned for a motion hearing on all pending motions on **February 19, 2010, at 9:30 a.m.**;

(7) A pretrial conference before the undersigned is set for **May 17, 2010, at 9:30 a.m.** This date will also be the new plea negotiation cutoff deadline; and

(8) The Defendant's Motion for Contact Over the Winter Holidays With Ms. Amanda Cates [**Doc. 31**] is **DENIED**.

**IT IS SO ORDERED.**

                          ENTER:

                          _s/ H. Bruce Guyton_
                        United States Magistrate Judge