UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:09-cr-139-001 |
| v. ) | |
| ) | Judge Varlan/Steger |
| RUFUS SUTTON ) | |
| ) | |

## MEMORANDUM AND ORDER

RUFUS SUTTON ("Defendant") came before the Court for an initial appearance on May 4, 2017, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision [Doc. 76] ("Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Gianna Maio of Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Steve Neff explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived a preliminary hearing; however, he requested a detention hearing.

The detention hearing took place on May 4, 2017. Defendant was represented by Gianna Maio. The Government was represented by Steve Neff. The Government called United States Probation Officer Doug Corn as a witness. Officer Corn was sworn in, and testified to the facts contained in the Petition. More specifically, he testified that Defendant had violated his conditions of supervision by failing to report to the probation officer and failing to submit a truthful and complete written report within the first five days of each month; failing to answer truthfully all inquiries by the probation officer and failing to follow the instructions of the

probation officer; purchasing and possessing a narcotic or controlled substance not prescribed by a physician; frequenting places where controlled substances are illegally sold, used, distributed or administered; associating with persons engaged in criminal activity and persons convicted of a felony without permission of the probation officer; failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and failing to participate in a program of testing and/or treatment for drug abuse as directed by the probation officer. Officer Corn testified to specific facts, as set forth in the Petition, to support each of these violations. Attorney Maio was given an opportunity to cross-examine Officer Corn and to proffer evidence on behalf of Defendant. Counsel for both parties were given an opportunity to argue for and against detention.

The Court finds that probable cause exists to demonstrate that Defendant has committed violations of his conditions of supervised release, and that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court GRANTED the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be DETAINED WITHOUT BAIL pending his revocation hearing before Judge Varlan is **GRANTED**.

2. Defendant shall appear for a revocation hearing before United States District Judge Varlan on **June 9, 2017, at 9:30 a.m.**

3. The United States Marshal shall transport Defendant to the revocation hearing before Judge Varlan at the aforementioned date and time.

**ENTER.**

s/<i>Christopher H. Steger</i><br>United States Magistrate Judge